JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-00302-SSC** | Date | May 26, 2026 |
|---|---|---|---|

| Title | ***Chit Ho Ng v. Kristi Noem, et al.*** | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER DISMISSING CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TIMELY EFFECTUATE SERVICE**

Plaintiff Chit Ho Ng filed a Complaint in this action on January 12, 2026, against Defendants Kristi Noem, Joseph B. Edlow, and Irene Martin.  [Doc. # 1.]  The case was randomly assigned to a Magistrate Judge for all purposes under General Order of the United States District Court for the Central District of California ("General Order") 25-04.  [Doc. # 7.]  Under Federal Rule of Civil Procedure 4(m), Ng was required to serve process within 90 days of commencing this action, i.e., by April 12, 2026.  Ng failed to do so.

Therefore, on April 16, 2026, the Magistrate Judge assigned to this case issued an order to show cause ("OSC") directing Ng to show cause by April 29, 2026 why this case should not be dismissed without prejudice for Ng's failure to serve the summons and Complaint as required by Rule 4.  [Doc. # 9.]  Ng was warned that "failure to file a response to this OSC may result in dismissal of this action for failure to prosecute and/or comply with a court order."  *Id.* at 2.  Ng has neither responded to the OSC, nor filed proofs of service as ordered.

Accordingly, the Magistrate Judge referred this matter to the Chief United States District Judge under General Order 25-04 to determine whether this case should be dismissed without prejudice for Ng's failure to prosecute and timely effectuate service on Defendants.  *See* C.D. Cal. Gen. Order 25-04 ¶ 5 ("If, prior to a declination of consent being submitted[]" in a case assigned to a Magistrate Judge for all purposes under General Order 25-04, a Magistrate Judge issues an order to show cause why the case should not be dismissed, and the order is not timely responded to, "the determination of whether the case should be dismissed . . . shall be made by the Chief District Judge . . . .").  For the reasons set forth below, the Court **DISMISSES** this action, without prejudice.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R.

---

CV-90                                    **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk DD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-00302-SSC** | Date | May 26, 2026 |
|---|---|---|---|

| Title | ***Chit Ho Ng v. Kristi Noem, et al.*** | Page | 2 of 3 |
|---|---|---|---|

Civ. P. 4(m).  The Court can extend the time for service if the plaintiff shows good cause for the delay.  *Id.*  Failure to seek an extension of time before the expiration of the Rule 4(m) period may itself indicate a lack of good cause.  "[S]ervice of process is the means by which a court asserts its jurisdiction over the person[.]"  *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4."  *Direct Mail Specialist, Inc., v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."  *S.E.C.*, 504 F.3d at 1138–39.

Here, Ng has not served, nor provided good cause for failing to serve, Defendants within the timeframe imposed by Rule 4(m).  Further, Ng failed to seek an extension of time before the expiration of the April 29, 2026 deadline.  Ng's failure to serve Defendants has left the Court without jurisdiction over Defendants.  *Direct Mail Specialist, Inc.*, 840 F.2d at 688.  Consequently, Defendants are subject to dismissal from this case under Rule 4(m).

Dismissal of this case is also appropriate under Rule 41(b), which permits dismissal of a case for failure to prosecute and to comply with Court orders.  *See* Fed. R. Civ. P. 41(b) (discussing district courts' authority to dismiss actions for failure to prosecute or comply with court orders); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (interpreting Rule 41(b) to give courts the ability to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with rules or orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in *Henderson*).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal."  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  In a case involving *sua sponte* dismissal, however, the fifth *Henderson* factor regarding the availability of less drastic sanctions warrants "special focus[.]"  *Id.*

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissing the case.  Despite being warned in the OSC that the case would be dismissed for failure to prosecute, Ng has failed to respond to the OSC or prove that Defendants have been served.  Ng's failure to prosecute this case by filing

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-00302-SSC** | Date | May 26, 2026 |
|---|---|---|---|

| Title | ***Chit Ho Ng v. Kristi Noem, et al.*** | Page | 3 of 3 |
|---|---|---|---|

a valid proof of service has caused unreasonable delay and halted the Court's management of the docket. Consequently, the first two factors weigh in favor of dismissal.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Here, Ng has not offered any excuse for his failure to comply with the Court's OSC and respond in a timely manner and this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. Nonetheless, it would be impossible to proceed in this case against Defendants without Ng's active and timely participation. Under these circumstances, though the public policy favors Ng, it does not outweigh Ng's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition against Defendants without Ng's compliance with Court orders or participation in this litigation. Despite the Court's attempt to obtain a response through the OSC, Ng has failed to respond. The Court is not aware of any lesser sanction that is available in this case.

Because all five factors support dismissing the case, and none weigh against, dismissing the case for failure to prosecute and follow court orders is appropriate under Rule 41(b). Accordingly, because dismissal is appropriate under Rules 4(m) and 41(b), this case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**